OPINION
On October 3, 1997, the Licking County Grand Jury indicted appellant, Jason Frymier, on one count of attempted aggravated murder in violation of R.C. 2903.01(A) and one count of aggravated burglary in violation of R.C. 2911.11(A)(1). Both counts carried a gun specification pursuant to R.C. 2941.145. Said charges arose from a shooting incident involving appellant's father-in-law, Terry Booher, on September 25, 1997. Earlier on said date, appellant had been convicted of disorderly conduct in municipal court and had been served with divorce papers by his wife, Angela Frymier.
A jury trial commenced on January 12, 1998. Appellant claimed the gun used in the shooting and the ammunition recovered from his vehicle did not belong to him. The jury found appellant guilty as charged. By judgment entry filed January 14, 1998, the trial court sentenced appellant to ten years on the attempted aggravated murder charge and nine years on the aggravated burglary charge, to be served consecutively. The trial court also sentenced appellant to three years on the gun specification to be served consecutively to the other sentences.
Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 THE FAILURE OF TRIAL COUNSEL TO PRESENT A DEFENSE THAT COULD EVEN REMOTELY BE SUPPORTED BY THE EVIDENCE PRESENTED, DENIED THE DEFENDANT-APPELLANT HIS CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL.
II
 THE TRIAL COURT COMMITTED HARMFUL ERROR IN SENTENCING THE DEFENDANT-APPELLANT TO CONSECUTIVE SENTENCES AND THE MAXIMUM SENTENCE ON COUNT ONE OF THE INDICTMENT.
 I
Appellant claims he was denied effective assistance of trial counsel because his counsel failed to challenge the state's physical evidence which contradicted his testimony. We disagree.
The standard this case must be measured against is set out inState v. Bradley (1989), 42 Ohio St.3d 136, 142, cert. denied110 S.Ct. 3258. Appellant must establish two criteria:
 1) [C]ounsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition.
2) [P]rejudice arises from counsel's performance.
In order to warrant reversal, appellant must establish ". . . but for counsel's unprofessional errors, the result of the proceedings would have been different." Strickland v. Washington
(1984), 466 U.S. 668, 696.
In his brief at 7, appellant argued the following:
 It is clear from the record that no real defense was presented on behalf of Mr. Frymier. No challenges were offered to the forensic evidence presented by the State of Ohio. No expert witnesses were called in an effort to establish that the gun was `planted' and to support the account of Mr. Frymier. There is no indication in the record of any requests by trial counsel to have the speed loaders, ammunition or gun tested for fingerprints that may support the claims of Mr. Frymier. Those claims, that he did not take the gun into the residence and that the speed loaders and ammunition recovered were not his, were key to his defense. Without some means to challenge the evidence presented by the prosecution, Mr. Frymier was left to fend for himself. The failure of trial counsel to adequately investigate the case against Mr. Frymier made it impossible for counsel to provide constitutionally effective assistance herein.
During police interrogation, appellant claimed "he must have blacked out" because he had no memory of anything that had transpired in Mr. Booher's residence. Vol. I. T. at 205-206. At trial, appellant testified he entered Mr. Booher's home after Mr. Booher "kind of looked back and nodded his head a little bit * * * it was like a greeting type of thing." Vol. II T. at 46. Mr. Booher then left the room, "came out of the bathroom and jumped" on appellant. Id. at 49. After Mr. Booher knocked appellant to the ground, appellant noticed Mr. Booher holding a gun. Id. at 50. The two struggled with the gun causing it to discharge three times. Id. at 51-52. Appellant rolled over, stood up, ran out of the house and went home. Id. at 52-53.
Appellant admitted to owning a revolver, but claimed he never saw it after he placed it on the front seat of his vehicle after he left school. Id. at 41. Appellant denied taking his revolver into Mr. Booher's residence. Id. at 45. Appellant testified he was not upset about the earlier disorderly conduct conviction nor about his wife serving him with divorce papers. Id. at 36. Appellant admitted to threatening Mr. Booher, but testified he did not mean it. Id. at 46-47.
Appellant's trial counsel presented the testimony of appellant's mother, Alicia Smith, who testified appellant did not appear to be upset just prior to the shooting, and the testimony of appellant's step-father, Billy Joe Smith, who testified appellant did not use the kind of ammunition recovered from the shooting. Id. at 24-25, 31-32.
The physical evidence included a broken back door window which was consistent with forced entry and Mr. Booher's testimony that appellant crashed through the back door. Vol. I T. at 90-91, 102-103. Mr. Booher's clothes had no gun powder residue on them which was inconsistent with appellant's struggle story. Id. at 171. The trajectories of the bullets were inconsistent with appellant's version but were consistent with Mr. Booher's testimony. Id. at 172-173.
Somehow, appellant wishes his trial counsel could have changed the actual physical evidence to conform to appellant's version of events. Mr. Booher and appellant gave contrary versions, one substantiated by the evidence and the other implausible. We fail to find appellant's trial counsel should be charged with making a silk purse out of a sow's ear.
Upon review, we fail to find appellant's trial counsel's performance fell below an objective standard of reasonable representation.
Assignment of Error I is denied.
 II
Appellant claims the trial court erred in sentencing him to consecutive sentences and the maximum sentence as to the attempted aggravated murder charge. We disagree.
R.C. 2953.08 governs grounds for appeal of a sentence for a felony. Subsection (G)(1) sets the standard for appellate review and states in pertinent part:
 (G)(1) The court hearing an appeal of a sentence under division (A) or (B)(1) or (2) of this section may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the trial court for resentencing if the court clearly and convincingly finds any of the following:
(a) That the record does not support the sentence;
R.C. 2929.14 governs basic prison terms. Subsection (B) states a trial court shall impose the shortest prison term possible if the offender previously has not served a prison term unless "the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." Subsection (C) states a trial court may impose the longest prison term possible upon offenders "who committed the worst forms of the offense" and "upon offenders who pose the greatest likelihood of committing future crimes." Subsection (E)(1) states a mandatory prison term imposed pursuant to a firearm specification shall be served "consecutively to and prior to the prison term imposed for the underlying felony." Subsection (E)(4) further states as follows:
 (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
* * *
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
During the sentencing phase, the trial court stated as follows:
 The defendant does have a prior conviction, but I see absolutely no remorse whatsoever on your part, Mr. Frymier. I don't hear you saying I am sorry that this happened. I don't see it on the look on your face now.
 The Court determines that another factor should be considered or other factors. I agree with the prosecutor, this is an extreme act of violence. Breaking into someone's home, breaking into someone's home with a gun.
* * *
 The Court determines that a non-prison sanction would obviously demean the seriousness of the offense. The non-prison sanction would not adequately punish the offender and it would not protect the public. The Court determines that recidivism is more likely than not because of the factors pointed out by the Court.
* * *
 The Court specifically finds that giving you the shortest term would demean the seriousness of the offense and it would not protect the public.
 I also agree with the prosecutor in that you have committed the worst form of the offense possible. You broke into somebody's home and tried to kill them after having so stated that that's what you were going to do.
* * *
 I also note that the prosecution has asked me to make a finding that you lied. And you did. There is no doubt that you lied about what happened. I don't think I've ever sat through a case where the evidence was more clear.
 You made a jury go through a trial, and that's your right, but when you get on the witness stand and lie, the Court is allowed to take that into consideration in passing sentence, and it certainly does not go unnoticed.
 With regard to whether or not these sentences should be consecutive or not, the Court finds that the harm caused was great and unusual and I am sure that the harm is not all physical harm. The harm in this case is not only the bullet holes but the psychological harm caused not only to Mr. Booher, but to his immediate family. And I am sure your family has suffered, too, by your act.
Vol. II T. at 154-156.
Upon review, we find the record supports the trial court's conclusions. Appellant, having just been found guilty of a domestic violence related incident, grabbed a weapon, broke down a door and shot his father-in-law. Appellant evaded capture, denied any knowledge of the incident and then testified to a total inconsistent story given the physical evidence. The breaking down of the household door to gain entry into the residence with the purpose of doing great physical harm is clearly the worst form of the offense.
We find no evidence let alone clear and convincing evidence that supports any sentence other than the one imposed.
Assignment of Error II is denied.
The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.
By Farmer, P.J., Reader, J. and Wise, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed.